Harold E. BENSON, et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, et al., Defendants.

No. CV 81–M–0416.

United States District Court, N. D. Alabama, W. D.

Dec. 23, 1981.

Jack Drake, Drake & Pierce, Ray, Oliver & Ward, Tuscaloosa, Ala., for plaintiffs.

Robert S. Giolito, Stanford, Fagan & Giolito, Atlanta, Ga., Joseph L. Battle, Huntsville, Ala., Charles A. Powell, III, Lange, Simpson, Somerville & Robinson, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, District Judge.

This cause came before the court upon the twice amended motion of defendant General Motors Corporation (GM) to dismiss, and upon the motion of plaintiffs to amend their complaint. The motions having been set on a regularly scheduled motion docket, oral argument having been heard, and matters outside the pleadings having been presented to and not excluded by the court, the defendant's motion shall be treated as one for summary judgment.

Plaintiffs, and the class they seek to represent, had been employed by GM at plants in various American cities. Pursuant to a procedure granting eligible seniority employees covered by the GM–UAW National Agreement preferential consideration for hiring at certain new plants, plaintiffs and all putative class members were hired to work in the Tuscaloosa plant. Plaintiffs contend, however, that they were not accorded preferential consideration, that 150 other persons were hired by the Tuscaloosa plant, resulting in a lower seniority status for plaintiffs, and that, as a consequence, all plaintiffs and putative class members were laid off in October 1980. Plaintiffs also contend that they have filed no grievance because GM and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) have taken the position that the procedure for preferential consideration cannot be the subject of a grievance.

On March 19, 1981, plaintiffs filed this action, on behalf of themselves and all others similarly situated, against GM and UAW under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs alleged that defendant UAW has breached its duty of fair representation and that defendant GM has breached its agreement with UAW to accord plaintiffs preferential consideration. Thus, plaintiffs' action is one that has been characterized as a hybrid § 301-breach of duty action.

■ Among the grounds for its motion to dismiss, defendant contends that plaintiffs' claims are barred by the six-month limitations period prescribed by § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). Defendant directs the court's attention to the Supreme Court's opinion in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), wherein the Court indicates that, if given the opportunity, it would apply the six-month limitations period prescribed by § 10(b) of the NLRA in a hybrid § 301-breach of duty suit, rather than looking to state law for the appropriate limitations period as must be done in a § 301 suit since the LMRA prescribes no limitations period. 101 S.Ct. at 1562 n.2 (Amicus AFL–CIO urged application of six-month limitations period prescribed by § 10(b) of NLRA, but the Court declined consideration of argument since not raised by either party). *See also* 101 S.Ct. at 1565–68 (Stewart, J., concurring) (urging application of six-month limitations period prescribed by § 10(b) of NLRA).

■ "[A]n employee may go behind a final and binding award under a collective-bargaining agreement and seek relief against his employer and union only when he demonstrates that his union's breach of its duty 'seriously undermine[d] the integrity of the arbitral process.'" 101 S.Ct. at 1563 (citation omitted). Similarly, where the union breaches its duty of fair representation by refusing to implement the grievance procedure prescribed by the collective-

bargaining agreement, the integrity of the arbitral process is seriously undermined.

Applying the six-month limitations period to this case, plaintiffs' claims are time-barred since "[a]ll employes who are members of the putative class, those who were laid off in October, 1980, were hired between July, 1979 and April, 1980." (Handley Affidavit). Plaintiffs did not file their complaint until March 19, 1981. Plaintiffs would have known at the time they were hired, or shortly thereafter, of their alleged inferior seniority status. [Defendants' Exhibit A: Agreement Between General Motors Corporation and the UAW, 43–46 (September 14, 1979)]. Therefore, the court is of the opinion that summary judgment is due to be granted in favor of defendants and that plaintiffs' motion to amend their complaint is thereby rendered moot.