John KAFTANTZIS, Plaintiff,

v.

D & L TRANSPORT CO., an Illinois Corporation, and Automobile Mechanics Union, Local 701, Defendants.

No. 81 C 5482.

United States District Court, N. D. Illinois, E. D.

Jan. 29, 1982.

Brundage & Garr, Ltd., Chicago, Ill., for plaintiff.

Lori Stone, John C. Polales, Ltd., Chicago, Ill., David Mathews, Carmell, Charone & Widmer, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MARSHALL, District Judge.

This case requires us to decide an important question of national labor policy: What is the appropriate statute of limitation for an action brought by an employee against his employer and union which challenges the determination at a contractually-authorized grievance proceeding that the employer has not violated its labor contract?

### I

Plaintiff alleges the following. Plaintiff is an employee of defendant D & L Transport Co. ("D & L"), and a member of defendant Automobile Mechanics Union, Local 701 ("the union"). On May 23, 1980, plaintiff was laid off from his position as a mechanic at D & L's Gary, Indiana terminal, due to a downturn in D & L's business. On or about February, 1981, plaintiff learned that D & L had not laid off a less senior employee, in violation of the labor contract between D & L and the union. Plaintiff informed the union of this apparent violation of the contract.

On March 2, 1981, plaintiff was returned to his position at D & L's Gary terminal. On March 19, pursuant to the labor contract between D & L and the union, a grievance hearing was held to determine whether plaintiff's layoff was unauthorized and whether monies were owed to plaintiff as a result of the layoff. The hearing resulted in an adjudication adverse to plaintiff.

Plaintiff subsequently asked the union, which apparently had represented him at the grievance hearing, why it had not raised certain points at the hearing, including plaintiff's loss of wages and fringe benefits. Plaintiff received no response to his inquiry. Then, in April of 1981, plaintiff made a demand upon the union to initiate arbitration with D & L, pursuant to the labor contract. Again, plaintiff received no response from the union.

Plaintiff filed the instant complaint in the Circuit Court of Cook County, Illinois on August 26, 1981. The complaint proceeds on the theory that D & L violated plaintiff's contractual rights, and that the union breached its duty of fair representation to plaintiff. D & L filed a timely petition for removal to this court pursuant to 28 U.S.C. § 1441(b) (1976).[1] This court's jurisdiction rests on § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a) (1976).

## II

D & L has moved to dismiss the complaint on the ground that it is time-barred. Defendant contends the ninety day statute of limitations for actions to vacate arbitration awards contained in Indiana Code 34–4–2–13 (1976) applies to this action.[2] Plaintiff claims that the proper statute of limitation is the six month time limit for filing charges of unfair labor practices found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976). Since the instant complaint was filed more than three but less than six months after the grievance adjudication, we are required to choose between these statutes.

The question of whether state arbitration statutes of limitation or § 10(b) should be applied to actions of this type has not been decided in any reported decision. In *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that an action under § 301 challenging a mediator's decision and a union's subsequent refusal to arbitrate the grievance should be governed by the state statute of limitation for actions seeking to vacate arbitration awards, and not the state period of limitation for actions on contracts. However, the Court reserved the question of whether § 10(b) of the NLRA should be applied in preference to the state statute, noting that the question was not properly before it. *See* 101 S.Ct. at 1562 n. 2. *See also id.* at 1565 (Blackmun, J., concurring). However, Justice Stewart did indicate that, in his view, the appropriate statute of limitation was that found in the NLRA. *See id.* at 1565–68 (Stewart, J., concurring in the judgment). The court of appeals for this circuit has also mentioned but not reached the question of whether § 10(b) should be applied. *See Davidson v. Roadway Express*, 650 F.2d 902, 904 n. 2 (7th Cir. 1981). We are apparently the first post-*Mitchell* court to reach this question in a published opinion.[3]

Congress did not specify which statute of limitation was to govern suits under § 301(a). Therefore, courts must decide

---

**1.** The union was not required to join in the petition because the state court did not acquire jurisdiction over it because in Illinois a voluntary unincorporated association cannot be sued in an action at law. The union has voluntarily appeared in this court.

**2.** Plaintiff does not challenge the general applicability of Indiana law. Illinois' arbitration award statute of limitation is likewise 90 days. Ill.Rev.Stat.1981, ch. 10, § 112(b).

**3.** For other opinions which mention but do not decide the question before us, see Local 1020 of the *United Brotherhood of Carpenters & Joiners v. FMC Corp.*, 658 F.2d 1285, 1289 n. 6 (9th Cir. 1981); *Sear v. Cadillac Automobile Co. of Boston*, 654 F.2d 4, 6 (1st Cir. 1981); *Johnson v. Agar Products Co.*, No. 81 C 2983, slip op. at 5 n.* (N.D.Ill. Oct. 29, 1981); *Scott v. Chrysler Corp.*, 107 L.R.R.M. 3086, 3087 n. 1 (E.D.Mich. 1981).

which statute of limitation should govern as a matter of federal law, "which courts must fashion from the policy of our national labor laws." *International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 701, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192 (1966) (quoting *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957)). In *Hoosier Cardinal*, the Court held that, for a breach of contract suit brought by a union against an employer under § 301, the appropriate statutes of limitations are the state statutes for contract actions. However, what the Court said as to why the state statute was appropriate indicates that its holding was limited.

> The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Whether other § 301 suits different from the present one might call for the application of other rules of timeliness we are not required to decide, and we indicate no view whatsoever on that question. 383 U.S. at 705 n. 7.

■ Unlike *Hoosier Cardinal*, the instant suit is not simply a private breach of contract action. This much was established by *United Parcel*:

> [R]espondent's characterization of his action as one for "breach of contract" ignores the significance of the fact that it was brought in the District Court pursuant to § 301(a) of the LMRA and that the indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective bargaining agreement, but instead a demonstration that the union breached its duty of fair representation. 101 S.Ct. at 1563–64.

This action is therefore very different from a simple private action on a contract. Before plaintiff may recover, he must demonstrate that the union breached its duty of fair representation. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). This duty of fair representation is itself derived from the National Labor Relations Act. *See Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers*, 451 U.S. 679, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981); *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 46, 99 S.Ct. 2121, 2124, 60 L.Ed.2d 698 n. 8 (1979); *Vaca v. Sipes*, 386 U.S. 171, 177, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). The National Labor Relations Board considers the breach of this duty an unfair labor practice under the NLRA. *See, e.g., Miranda Fuel Co.*, 140 N.L.R.B. 181 (1962), enforcement denied sub nom. *NLRB v. Miranda Fuel Co.*, 326 F.2d 172 (2d Cir. 1963).[4]

■ Therefore, it makes much more sense to view the NLRA as the appropriate statute to look to for a statute of limitation than are state arbitration statutes. Because suits such as the instant one involve rights under the NLRA, and not simply private contractual rights and duties, the NLRA and not state statutes governing private arbitration contains a more appropriate limitation period than do the state statutes. Section 10(b) of the NLRA represents a congressional judgment as to the appropriate balance between an employee's interest in vindicating his rights and the overall interest in industrial peace and attaining some measure of finality in the arbitral process. *Local Lodge No. 1424 v. NLRB*, 362 U.S. 411, 428–29, 80 S.Ct. 822, 832–33, 4 L.Ed.2d 832 (1960). This congressional balance, because it represents the judgment of the national legislature, is of necessity more responsive to the needs of national labor policy than are state statutes.

> In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance

---

4. *Miranda Fuel* has been accepted as the law in this circuit. *See Kesner v. NLRB*, 532 F.2d 1169, 1174 (7th Cir. 1976). The Supreme Court has "assumed" that *Miranda Fuel* was correct-ly decided. *See* 101 S.Ct. at 1566, 67 L.Ed.2d 732 n. 3 (Stewart, J., concurring in the judgment); *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).

between the national interests in stable bargaining relationship and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system. That is precisely the issue in this case. 101 S.Ct. at 1568 (Stewart, J., concurring in the judgment).

D & L argues that § 10(b) is not applicable to this case since it involves a suit against an employer which has not committed an unfair labor practice, and therefore should not be covered by the NLRA. However, D & L itself concedes that the test is not whether a statute of limitations is by its terms applicable, but rather which statute is most appropriate given the subject matter of the instant case.[5] In any event, the *United Parcel* Court quickly tossed aside such an argument, stating that the test was not whether the statute was by its terms applicable, but rather whether it was "closely analogous" to a § 301 action. *See* 101 S.Ct. 1563 n. 3. Because the balance struck by § 10(b) is exactly the same as the balance which must be struck in this case, it is more closely analogous than the statutes defendant relies on, which do not purport to consider competing national labor policies appropriate to the federal common law under § 301.[6]

### III

D & L has also moved to dismiss the complaint on the ground that it fails to allege sufficient facts to make out a breach of the union's duty of fair representation. This motion can only be granted if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1955).

The complaint alleges that plaintiff demanded both an explanation as to why his lost benefits were not discussed at the grievance hearing and why he did not prevail at the grievance hearing, as well as that the union take his grievance to arbitration. The union never responded to any of these requests.

A union breaches its duty of fair representation by failing to adequately litigate an employee's grievance only if the employee can prove fraud, deceitful action, or dishonest conduct on the part of the union. *Hoffman v. Lonza, Inc.*, 658 F.2d 519, 522 (7th Cir. 1981). However, the allegations in the complaint do create an inference that the union's processing of plaintiff's complaint was perfunctory, and that the union made no good faith effort to determine the validity of plaintiff's complaint. What the court of appeals said on this subject in *Miller v. Gateway Transportation Co.*, 616 F.2d 272 (7th Cir. 1980) is applicable to the instant complaint.

The second element Miller must prove, a breach by the union of its statutory duty of fair representation, is likewise not foreclosed by the record. The union's duty includes more than merely a "perfunctory" processing of a grievance. "[A] good faith effort to plead plaintiff's case" is required.

In its most recent examination of the nature of the fair representation duty,

---

**5.** D & L argues, in the alternative, for application of the statute of limitation contained in the Illinois Uniform Arbitration Act, even though the act exempts collective bargaining agreements from its coverage. *See* Ill.Rev.Stat., ch. 10, § 112(g) (1979); *Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union*, 74 Ill.2d 412, 418–19, 24 Ill.Dec. 843, 845–846, 386 N.E.2d 47, 49–50 (1979). D & L concedes the statute is by its terms inapplicable, but argues that it is the "most closely analogous" statute, and therefore should be applied. *See* Memorandum in Support of Defendant's Motion to Dismiss at 7.

**6.** D & L argues that plaintiff is time-barred even by the six month rule of § 10(b), since he filed suit more than six months after the layoff, and § 10(b) requires filing within six months of the unfair labor practice. However, the unfair labor practice on which plaintiff's suit is predicated is not his layoff; it is the union's breach of its duty of fair representation, which gives rise to a suit against the union, and removes the contractual bar to plaintiff's suit against his employer prior to arbitration. Therefore, the relevant unfair labor practice did not occur until, at the earliest, March 19, 1981.

the Supreme Court said that if the quality of representation provided by the union is such that it "seriously undermines the integrity of the arbitral process," then "the bar of the finality provisions of the contract" is removed. *Id.* at 276–77 (footnote and citations omitted) (quoting *Cannon v. Consolidated Freightways Corp.,* 524 F.2d 290, 293 (7th Cir. 1975) and *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976)).

While hardly a model for the future, the instant complaint alleges sufficient facts so that it can be inferred that the union made no good faith effort to process plaintiff's claim, and instead essentially ignored plaintiff. On the face of the complaint, it does not appear beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

Accordingly, the motion to dismiss is denied. Defendants D & L Transport Co. and Automobile Mechanics Union Local 701 to answer within 14 days. Discovery, etc. in accord with schedule entered herewith.