Julius C. COLLINS, Jr., Plaintiff,

v.

CAR CARRIERS, INC., et al., Defendants.

No. 80 C 2729.

United States District Court, N. D. Illinois, E. D.

April 21, 1982.

---

Thomas M. Hoidal and Marilyn F. Johnson, Mid-South Office, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

A. Read Cone, III, Bloomfield Hills, Mich., Lawrence J. Casazza, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant Car Carriers, Inc.

Marvin Gittler, Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Chicago, Ill., for defendant Local Union No. 710.

## ORDER

BUA, District Judge.

Plaintiff, Julius C. Collins, a black man, was employed by defendant, Car Carriers, Inc. (Car Carriers or employer). In October, 1979, Collins was discharged from that position. Defendant, Local Union No. 710 of the International Brotherhood of Teamsters (Local 710 or union) represented Collins. Collins submitted a grievance through Local 710, alleging that he had been discharged because of his race.[1] In accord with the collective bargaining agreement between Car Carriers and Local 710, a grievance hearing was held on October 23, 1979 at which Collins was represented by the union. Collins' request for reinstatement was denied. On November 8, 1979, Collins' case was submitted to the Joint Auto Transport Committee which upheld the discharge.

On January 2, 1980, Collins filed a charge of race discrimination against Car Carriers with the Equal Employment Opportunity Commission (EEOC). The EEOC issued Collins a right to sue letter on February 29, 1980. Collins filed a *pro se* complaint in this court against Car Carriers on June 3, 1980, alleging that the company discharged him because of his race. Counsel was appointed to represent Collins and an amended complaint was filed adding Local 710 as a defendant. Count I of the amended complaint alleged that the company and the union had violated Collins' civil rights under 42 U.S.C. §§ 2000e–2000e–15 and 42 U.S.C. § 1981. Count II alleged that the union had failed to fairly represent Collins in his unlawful discharge action against Car Carriers. The action was brought under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

In a prior order, this court found that the plaintiff was aware of his breach of duty of fair representation claim against the union on January 2, 1980 [2] (*see* Minute Order of December 17, 1981), and that, as a result, plaintiff's cause of action was barred by Ill.Rev.Stat. ch. 10, § 112(b). The case is presently before this court on plaintiff's motion for reconsideration. The court has,

---

1. The company claimed that Collins was discharged because the cargo of his truck was damaged when his truck failed to clear an underpass. The company alleged that Collins had been previously disciplined for accidents involving cargo damage and that Collins had been warned that another accident might result in discharge. Collins claimed that he had not been warned about possible discharge and that white drivers involved in similar accidents had not been discharged.

2. Plaintiff has not plead a theory of equitable tolling of the relevant statute of limitations, nor has he presented this court with facts that would support such a theory. This court thus found, on the face of the materials presented, that the latest point at which plaintiff was on inquiry notice of his § 301 claim was at the time of filing his EEOC complaint. *Cf. United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979).

upon further reflection, reconsidered its prior order and holds as follows:

1) The union's motion for summary judgment on that portion of Count I alleging a claim under 42 U.S.C. §§ 2000e–2000e–15 is granted.

2) The union's motion for summary judgment on the portion of Count I alleging a claim under 42 U.S.C. § 1981 is denied.

3) Plaintiff's § 301 claim (Count II) is dismissed as to the union, as it is barred by the appropriate statute of limitations, 29 U.S.C. § 160(b). Plaintiff may, however, go forward with its § 301 claim against the employer. The latter is not time-barred.

Plaintiff contends that he was not discharged for just cause as required by the collective bargaining agreement governing the terms and conditions of his employment. The nominal parties to the collective bargaining agreement are the employer and the union. Plaintiff's *pro se* complaint, as originally filed on June 3, 1980, focused solely on the employer's breach of the collective bargaining agreement. Plaintiff's amended complaint, filed on September 19, 1980 by his court-appointed attorney, again raised plaintiff's claim against the employer and added a second count alleging the union's breach of its duty of fair representation.

The union has moved for dismissal of and/or summary judgment on Count I, arguing that the claim under 42 U.S.C. §§ 2000e–2000e–15 is barred because plaintiff did not file a timely EEOC charge against the union. The union also argues that the claim under 42 U.S.C. § 1981 should be discharged because it is frivolous.

Both defendants have moved for dismissal of and/or summary judgment on Count II, arguing that the § 301 claim is barred because plaintiff did not file suit within the applicable statute of limitations.

I.

■ The union's motion for summary judgment with respect to that portion of Count I alleging a claim under 42 U.S.C. §§ 2000e—2000e–15 is granted for lack of subject matter jurisdiction. Timely filing of an EEOC charge is a jurisdictional prerequisite to bringing suit under 42 U.S.C. §§ 2000e—2000e–15. *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Plaintiff admits he did not satisfy this jurisdictional prerequisite as to Local 710.

The union's motion for summary judgment on the portion of Count I alleging a claim under 42 U.S.C. § 1981 is denied. The claim is properly before the court.

II.

■ Both parties have moved to dismiss Count II of plaintiff's complaint on the ground that it is barred by the appropriate statute of limitation. This court finds that the statute of limitation to be applied with respect to both parties to this action is the six-month period contained in § 10(b) of the National Labor Relations Act. 29 U.S.C. § 160(b). As applied to this case, the limitation period bars plaintiff's claim as to defendant Local 710. Plaintiff's claim against defendant Car Carriers may proceed to trial.

A.

In *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that an action under § 301 similar to that brought against the employer and union here should be governed by the state statute of limitation applicable to actions seeking to vacate an arbitration award. The Court specifically declined, however, to rule on the issue of whether the six-month limitation period found in § 10(b) of the National Labor Relations Act should govern the action because the issue was not properly raised by the parties. 451 U.S. at 60 n.2, 101 S.Ct. at 1562 n.2. *See also Id.* at 1565 (Blackmun, J., concurring). The court of appeals for this circuit has also mentioned but not reached the question of whether § 10(b) should be applied. *See Davidson v. Roadway Express*, 650 F.2d 902, 904 n.2 (7th Cir. 1981).

Recently, when confronted with the issue which the Supreme Court and the Seventh Circuit have declined to address, a court in this district adopted the six-month limitation period of § 10(b). *See Kaftantzis v. D & L Transport Co. and Automobile Mechanics Union, Local 701*, 531 F.Supp. 566 (N.D. Ill.1982).

Congress has not enacted a specific statute of limitation governing actions brought under § 301 of the LMRA. The timeliness of a § 301 action is to be determined as a matter of federal law, "which courts must fashion from the policy of our national labor laws." *International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 701, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192 (1966) (quoting *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957)).

In *Kaftantzis*, Judge Marshall, interpreting applicable national labor policy in a well-reasoned opinion with which this court fully concurs, noted that a § 301 claim is unique because "before plaintiff may recover, he must demonstrate that the union breached its duty of fair representation,[3] *see Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ... [and the] duty of fair representation is itself derived from the National Labor Relations Act, *see Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers*, 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981); *International Brotherhood of Electrical Work-*

*ers v. Foust*, 442 U.S. 42, 46 n.8, 99 S.Ct. 2121, 2124 n.8, 60 L.Ed.2d 698 (1979); *Vaca v. Sipes*, 386 U.S. 171, 177, 186–87, 87 S.Ct. 903, 909, 914–15, 17 L.Ed.2d 842 (1967)." 531 F.Supp. at 569. Judge Marshall also noted that the National Labor Relations Board considers the breach of the duty of fair representation to be an unfair labor practice under the NLRA. *Id.; see also Miranda Fuel Co.*, 140 N.L.R.B. 181 (1962), *enforcement denied sub nom. NLRB v. Miranda Fuel Co.*, 326 F.2d 172 (2d Cir. 1963).

On the basis of the above considerations, Judge Marshall in *Kaftantzis* concluded the following:

"[I]t makes much more sense to view the NLRA as the appropriate statute to look to for a statute of limitation than are state arbitration statutes. Because suits such as the instant one involve rights under the NLRA, and not simply private contractual rights and duties, the NLRA and not state statutes governing private arbitration contain a more appropriate limitation period than do the state statutes. Section 10(b) of the NLRA represents a congressional judgment as to the appropriate balance between an employee's interest in vindicating his rights and the overall interest in industrial peace and attaining some measure of finality in the arbitral process. *Local Lodge No. 1424 v. NLRB*, 362 U.S. 411, 428–29, 80 S.Ct. 822, 832–33, 4 L.Ed.2d 832 (1960). This congressional balance, because it represents the judgment of the national legislature, is of necessity more responsive to the needs of national labor policy than are state statutes."[4]

**3.** As has already been stated, this court finds that plaintiff's § 301 claim against the union is time-barred, and therefore the duty of fair representation claim will not be formally tried. Plaintiff may at trial, however, present facts relevant to the issue of whether the required predicate for his claim against the employer is present in his case.

**4.** Judge Marshall's analysis responds in part to a possible (although, this court believes, erroneous) ground for disagreement with his and this court's holding. Language in *Hoosier Cardinal*, a breach of contract suit brought by a

union against an employer under § 301, might be interpreted as advocating a general rule that state statutes are to govern questions of timeliness under § 301. *See e.g.*, 383 U.S. at 701, 86 S.Ct. at 1110. However, as Judge Marshall points out, closer analysis of the *Hoosier* opinion indicates that its holding was far more limited. ("Whether other § 301 suits different from the present one might call for the application of other rules of timeliness we are not required to decide, and we indicate no view whatsoever on that question." 383 U.S. at 705 n.7, 86 S.Ct. at 1113 n.7). Furthermore, the Supreme Court in *Mitchell* made clear the dis-

*Kaftantzis* at 569. *See also Mitchell, supra* at 1565 (Stewart, J. concurring). This court fully concurs with this analysis.

### B.

In the instant case, plaintiff filed a timely allegation of unjust discharge against the employer. His cause of action accrued on January 2, 1980. *See* Minute Order of December 17, 1981. His *pro se* complaint was filed on June 3, 1980, well within the six-month limitation period of § 10(b). The plaintiff's § 301 claim against the union, however, was first asserted in the amended complaint of September 19, 1980, beyond the six-month period of § 10(b). Therefore, the union's motion to dismiss Count II as to it is granted. The employer's motion to dismiss Count II is denied, however. Since the employer has been on notice of the plaintiff's claim at all times since January 2, 1980, the employer suffers no prejudice due to the absence or presence of the union as a co-defendant.[5]

This court is of the opinion that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1292(b). Defendant may seek leave to appeal from the Seventh Circuit within ten days after entry of this order. *Id.*

---

tinction between a suit like the one presently before this court and a simple private action on a contract. 101 S.Ct. at 1563–64; *Kaftantzis* at 569.

5. Although the plaintiff's amended complaint, explicitly invoking his rights under § 301 was filed on September 19, 1980, the allegations of the original *pro se* complaint were sufficient to allege a cause of action under § 301. *See Scott v. Chrysler*, 107 LRRM 3086 (E.D.Mich.1981). Also, the amended complaint relates back to the time of original filing against the employer. *See* F.R.Civ.P. 15(c).