**Thomas Z. LEWIS, Plaintiff,**

v.

**HARBISON–WALKER REFRACTORIES, Dresser Industries, Inc., and United Steelworkers of America, Local Union No. 5619, Defendants.**

**No. H 77–394.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 14, 1982.

Robert Z. Lewis, Gary, Ind., for plaintiff.

Ronald J. Hein, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for de-

fendants, Harbison-Walker Refractories and Dresser Industries, Inc.

William H. Schmelling, Chicago, Ill., for defendant, United Steelworkers of America, Local Union No. 5619.

## MEMORANDUM OPINION AND ORDER

KANNE, District Judge.

This is a suit brought under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. The plaintiff, Thomas Z. Lewis, was a member of defendant, United Steelworkers of America, Local 5619, and had worked for the defendant, Harbison-Walker Refractories as a laborer, from June 9, 1964, to September 16, 1965, and from February to May, 1969. He was on military leave of absence from 1965 to 1969, and attended college and law school from May, 1969 until June, 1974.[1]

On June 15, 1974, pursuant to the collective bargaining agreement then in force, plaintiff asked defendant company for reinstatement. Plaintiff complied with the company's request to take a physical examination; because an X ray revealed a dark spot on one lung, plaintiff was asked to take a second physical exam prior to reinstatement, which he did in August of 1974. Believing that the X ray had shown him qualified to return to work, plaintiff made repeated requests for reinstatement, which the company denied pending analysis of the X rays.

In May, 1975, at plaintiff's request, the defendant union filed a grievance concerning the company's failure to reinstate Lewis. It was taken to Step 2 of the contractual grievance procedure. During the prescribed meeting between the plant manager and the union representative, the management representative promised to resolve the matter by contacting company headquarters in Pittsburg, where the results of the two physicals had been sent.

On October 23, 1975, the company sent plaintiff a letter requiring him to take a third physical in order to establish his employability. He declined to do so, and on November 7, 1975, the company notified him of his termination. Plaintiff did not file a new grievance, but requested the union to continue processing his previously filed grievance.

On "approximately" November 7th, the union president told him that they would not take the grievance further, since he had refused to take the required physical. In that same conversation, plaintiff informed President Reid that if he did not process the grievance further Lewis would file suit against the company and the union. Lewis Dep., p. 130. "Shortly thereafter," he again contacted Reid, who told him that the union was "finished" with the grievance. *Id.*, p. 131.

Plaintiff filed this § 301 action on November 8, 1977, alleging the company's termination breached the collective bargaining agreement and the union failed to represent him fairly in grieving the discharge.

Both defendants have filed motions for summary judgment, contending that plaintiff's suit is barred because it was filed outside the limitations period of (1) 90 days for bringing actions to vacate arbitration awards, Ind.Code § 34-4-2-13, and, (2) the 6-month period for filing unfair labor practice charges, 29 U.S.C. § 160(b).

For the reasons stated below, the court will grant the defendants' motions for summary judgment.

In *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), a § 301 suit against an employer for a discharge which had been upheld by an arbitrator, the Supreme Court applied the New York statute of limitations governing vacation of arbitration awards. The court reserved judgment on what limitations period would apply to actions against unions for breach of the duty of fair representation. However, in a concurring opinion joined by Justice Blackmun, Justice Stewart suggested that the 6-month period for bringing unfair labor charges under § 10(b) of the National Labor Relations Act, 29 U.S.C.

1. Plaintiff subsequently returned to law school and graduated in August, 1976.

§ 160(b), should apply. On the basis of the "policy of promoting stability in collective bargaining underlying the time bar of § 10(b)" and the "'need for uniformity' among procedures followed for similar claims," Stewart recommended adopting the § 10(b) limitations period for the employee's "hybrid" action against the employer and the union. 101 S.Ct. at 1567–68.

Subsequent to the *Mitchell* decision lower courts have gone different directions on such questions as whether the same limitations period should be applied to the claims against the employer and the union; whether *Mitchell* should be applied retroactively; and whether statutes of limitations governing vacation of arbitration awards should be applied in cases where the grievance procedures ended short of arbitration.

In *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981), *Mitchell* was followed in a discharge case which had been decided against the employee by a joint state grievance committee. Finding that the agreement did "in fact establish an arbitration procedure," the court applied *Mitchell* to a case which had been initiated in 1976, and reversed the District Court, which had held Indiana's 6-year statute of limitations governing oral contracts applicable. Since the union had been dismissed from the suit, the court did not reach the question of what the applicable period for a claimed breach of the union's duty to fairly represent Davidson would have been.

In *Badon v. General Motors Corp.*, 679 F.2d 93 (6th Cir. 1982), an employee's claim had not been submitted to arbitration. The court held, nevertheless, that the rationale of *Mitchell* was applicable:

> Where the parties have contracted to settle claims among themselves, their final decisions should not be exposed to collateral attack for long periods but should become final rather quickly.

p. 98.

The court also reasoned that because "lost wages, lost benefits, and punitive damages are not recoverable against a union in an unfair representation action," *id.*, it would be unsound to apply different statutes of limitations to the related § 301 claims against the employer and the union. Rejecting the Michigan statute governing vacation of arbitration awards because it expressly excepts labor arbitration awards, the Badon court found the 6-month period of the NLRA to be the most appropriate statute of limitations for both causes of action.

Two recent decisions in the Northern District of Illinois have applied the 10(b) statute of limitations in cases where the union had not taken an employee's grievance to arbitration. Since the union's duty to the employee is derived from the NLRA, they found that the congressionally authorized limitations period was more appropriate than any analogous state statutes. *Kaftantzis v. D & L Transport Co.*, 531 F.Supp. 566 (D.C.Ill.1982); *Collins v. Car Carriers, Inc.*, 536 F.Supp. 776 (D.C.Ill.1982). *See also Scott v. Chrysler Corp.*, 107 LRRM 3086 (E.D.Mich.1981).

This court takes note of the following language from the majority opinion in *Mitchell:*

> We think that the unfair representation claim made by an employee against his union, even though his employer may ultimately be called upon to respond in damages for it if he is successful, is more a creature of "labor law" as it has developed since the enactment of § 301 than it is of general contract law. We said in *[International Union UAW v.] Hoosier Cardinal* that one of the leading federal policies in this area is the "relatively rapid disposition of labor disputes." 383 U.S. [696] at 707, 86 S.Ct. [1107] at 1114 [16 L.Ed.2d 192]. Cf. 29 U.S.C. § 160(b) (1976) (6-month period under NLRA).

101 S.Ct., at 1564. The opinion emphasizes that this policy supports its choice of the shorter limitations period in *Mitchell.* It also points out that the NLRA's 6-month limitations period was not one of the choices argued before the court in the *Mitchell* case.

Because a § 301 action against an employer depends upon a finding that the un-

ion has breached its duty of fair representation, the former claim is dependent upon the latter. Congress has enacted a relatively short statute of limitations for bringing charges of unfair labor practices in § 10(b) of the NLRA. Because in many instances the breach of the duty of fair representation is also an unfair labor practice, *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), this court holds that the most appropriate statute of limitations for a similar claim brought under § 301 is the 6-month period of § 10(b).

In this case, where the union has notified the employee that it will not process his grievance further, the employee has a final and binding decision which it must contest before the NLRB or in the federal courts within the period Congress chose with the intent of both providing the employee with a reasonable opportunity to litigate his rights, and at the same time protecting the public "interest in industrial peace and attaining some measure of finality in the arbitral process." *Kaftantzis, supra*, at 569.

Because of the close dependence of the claim against the company upon the claim against the union, and because of the federal policy in favor of "relatively rapid disposition" of labor disputes, this court determines that the 6-month limitations period should also apply to the claim against the company. Unlike the situation in *Mitchell*, there has been no "award" made in this case. A statute of limitations which governs vacation of arbitration decisions is therefore less analogous to the claim against the employer than the NLRA statute.

The plaintiff argues that the court should not apply the shorter statute of limitations to this case, which was filed several years before the Supreme Court decided *Mitchell*. In both *Mitchell* and *Davidson, supra*, the courts applied the 90-day statute of limitations to cases filed in 1978 and 1976, respectively. Before *Mitchell* was decided, the

circuits were far from unanimous as to what limitations period should apply in unfair representation cases. *Cf. Figuero de Arroyo v. Sindicato de Trabajadores Packing House*, 425 F.2d 281 (1st Cir.), *cert. denied*, 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970) (Puerto Rico's 1-year tort statute), with *Butler v. Local 823, Int'l Brotherhood of Teamsters*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975) (5-year written contract statute), and *Gray v. Heat & Frost Insulators & Asbestos Workers, Local 51*, 416 F.2d 313 (6th Cir. 1969) (Kentucky's 5-year statute governing actions based on statutorily created liabilities). Thus, the court is neither overruling any "clear past precedent" nor "deciding an issue of first impression" which would overcome the strong presumption favoring retroactivity. *N. L. R. A. v. Lyon & Ryan Ford, Inc.*, 647 F.2d 745, 757 (7th Cir. 1981), *quoting Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). In addition, the plaintiff has not shown any good reason for waiting two years to file his lawsuit.[2]

Therefore, as a matter of law, the Court concludes that plaintiff's suit, filed more than two years after the actions alleged in his complaint, is barred by the 6-month limitation period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

It is therefore ORDERED upon the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW that the motions of the defendants for summary judgment be and are hereby GRANTED. The Clerk is directed to enter judgment in favor of defendant, Harbison-Walker Refractories, and defendant, United Steelworkers of America, Local Union No. 5619, and against the plaintiff, Thomas Z. Lewis.

---

**2.** The date on which the union's refusal to represent plaintiff became final is not entirely clear. Inferring from the record that it occurred on November 7, plaintiff's action against the union would also be barred by both the

Indiana 2-year tort statute of limitations and the 2-year limitation period for bringing malpractice actions, the statute suggested by Justice Stevens in his concurring opinion in *Mitchell*.