**John H. WELLER, Plaintiff,**

v.

**G. M. W. (GLENDENNING MOTOR-WAYS, INC.), a foreign corporation, and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 710, a labor organization, Defendants.**

No. 82 C 1906.

United States District Court,
N. D. Illinois, E. D.

Sept. 27, 1982.

Robin B. Potter, Chicago, Ill., for plaintiff.

Marvin Gittler, Edwin H. Benn, Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Ltd., Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

This is an action brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), for unlawful discharge and breach of the duty of fair representation. On September 9, 1981, after 20 years on the job, plaintiff John H. Weller was discharged from his employment as a dockworker with the defendant

Glendenning Motorways, Inc. (GMW) for excessive absenteeism. He filed a grievance; on September 28, 1981, pursuant to the collective bargaining agreement, a grievance hearing was held. He was represented by John Altepeter, the business agent for defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 710 (Union). Plaintiff contended, and alleges in this case, that his absences were medically related; that GMW's policy with respect to excessive absenteeism was undefined; and that it was discriminatorily applied to him. He further contended, and reasserts here, that he was discharged in retaliation for his circulation of a petition objecting to the absenteeism policies. The Joint Committee upheld plaintiff's discharge. He now sues in this court, alleging that Union failed to fairly and adequately represent him during the grievance process, and at the hearing itself.

▮ Both defendants move to dismiss the complaint pursuant to Rule 12, Fed.R. Civ.P., on the ground that the action is barred by the applicable statute of limitations. The motions raise an issue that has occasioned some dispute in this district: what is the appropriate statute of limitations for an action brought by an employee under Section 301 of the LMRA against his employer and union for wrongful discharge and breach of the duty of fair representation? After consideration of the parties' submissions and the relevant law, this court concludes that the appropriate statute of limitations is the six-month period found in Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). Under this statute, plaintiff's action was timely filed and the motions to dismiss must therefore be denied.

In support of their motions, defendants cite *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), in which the Supreme Court applied a state statute of limitations for actions to vacate arbitration awards to an action un-

der Section 301 challenging a mediator's decision and a union's subsequent refusal to further grieve the discharge. The Seventh Circuit, and several courts in this district, as defendants have urged this court to do, have relied on *United Parcel Service v. Mitchell,* and have applied the state limitations statute applicable to actions to vacate arbitration awards to Section 301 actions. See, e.g., *Davidson v. Roadway Express,* 650 F.2d 902 (7th Cir. 1981) *cert. denied,* —— U.S. ——, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1982); *Pyle v. Arco Polymers, Inc.,* No. 81 C 3586 (N.D.Ill.1982); *Bigbie v. Local 142, I. B. T.,* 530 F.Supp. 402 (N.D.Ill.1981); *Madia v. Pacific Intermountain Express,* No. 81 C 360 (N.D.Ill.1982); *Johnson v. Agar Products Co.,* No. 81 C 2983 (N.D.Ill.1981).[1]

Plaintiff argues that the proper statute of limitations is the six-month time limit for filing charges of unfair labor practices contained in Section 10(b) of the NLRA. The use of this limitations period in actions under Section 301 was advocated by Justice Stewart in his concurrence in *United Parcel Service v. Mitchell,* 451 U.S. at 65–71, 101 S.Ct. at 1565–1568. The Supreme Court, however, expressly reserved decision on the question, noting that the issue was not properly before it. 451 U.S. at 60 n.2, 101 S.Ct. at 1562 n.2. The question whether the limitations period in Section 10(b) should be applied to actions under Section 301, rather than an analogous state statute, has also been mentioned but not addressed by the Seventh Circuit. *See Davidson, supra,* 650 F.2d at 904 n.2. Recently, two courts in this district have confronted the issue raised by plaintiff and have adopted the six-month limitations period of Section 10(b). *See Kaftantzis v. D. & L. Transport Co.,* 531 F.Supp. 566 (N.D.Ill.1982); *Collins v. Car Carriers,* 536 F.Supp. 776 (N.D.Ill.1982). Several other courts have adopted the six-month limitations period as well. *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir. 1982); *Lewis v. Harbison-Walker Refractories,* 542 F.Supp. 1381 (N.D.Ind.1982); *Benson v. General Motors Corp.,* 539 F.Supp. 55 (N.D.Ala.1981).

---

1. The state arbitration award statute of limitations which defendants seek to have applied is Ill.Rev.Stat.1981 ch. 10, § 112(b). It provides for a 90-day limitations period.

Judges Marshall and Bua of this court begin their analysis with the recognition that because Congress has not enacted a specific statute of limitation to govern actions brought under Section 301, courts must determine the timeliness of such an action as a matter of federal law, "which courts must fashion from the policy of our national labor laws." *International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 701, 86 S.Ct. 1107, 1110, 16 L.Ed.2d 192 (1966) (quoting *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957)). They go on to note that a Section 301 claim is distinct from a private breach of contract action because recovery under the section is dependent on a showing by plaintiff that the union breached its duty of fair representation. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). A union's duty of fair representation is statutorily based and derives from the NLRA. *See Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers*, 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981); *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 46 n.8, 99 S.Ct. 2121, 2125 n.8, 60 L.Ed.2d 698 (1979); *Vaca v. Sipes*, 386 U.S. 171, 177, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). Further, the National Labor Relations Board considers the breach of the duty an unfair labor practice under the NLRA. *See, e.g., Miranda Fuel Co.*, 140 N.L.R.B. 181 (1962), *enforcement denied sub nom., NLRB v. Miranda Fuel Co.*, 326 F.2d 172 (2d Cir. 1963). Given the close ties between the obligation sought to be enforced in a Section 301 action and the NLRA, it makes sense to look to the NLRA for the appropriate statute of limitations. As Judge Marshall succinctly concluded in *Kaftantzis*:

> Because such suits as the instant one involve rights under the NLRA, and not simply private contractual rights and duties, the NLRA and not state statutes governing private arbitration contains a more appropriate limitation period than do the state statutes. Section 10(b) of the NLRA represents a congressional judgment as to the appropriate balance between an employee's interest in industrial peace and attaining some measure of finality in the arbitral process. *Local Lodge No. 1424 v. NLRB*, 362 U.S. 411, 428–29 [80 S.Ct. 822, 832–33, 4 L.Ed.2d 832] (1960). This congressional balance, because it represents the judgment of the national legislature, is of necessity more responsive to the needs of national labor policy than are state statutes.

*Kaftantzis*, 531 F.Supp. at 569; *see also Mitchell*, 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J., concurring). This court is persuaded by the reasoning of *Kaftantzis* and *Car Carriers*. It notes that although an action against an employer under Section 301 is for wrongful discharge, not breach of the duty of fair representation, the two are closely intertwined; a claim against the employer under Section 301 is dependent on a demonstration that the union breached its duty of fair representation. Because of the interrelation between the two types of Section 301 claims, the reasons behind looking to the NLRA for actions against the union apply equally as well to actions against the employer. Thus the balance struck by Section 10(b), and discussed by Judge Marshall, is an aspect of our national labor policy applicable to a Section 301 action against an employer as well as against a union.

In the present case, plaintiff's final arbitration decision was rendered on September 28, 1981; that was the day his cause of action arose. This action was filed on March 29, 1982, 180 days later. Assuming 30 days for every month, this action was timely filed under the six-month limitations period of Section 10(b). Accordingly, the defendants' motions to dismiss are denied.

This court is of the opinion that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion; and that an immediate appeal from the order would materially advance the ultimate termination of this litigation. Accordingly, pursuant to 28 U.S.C. § 1292(b), defendants are given leave to

petition the Seventh Circuit for leave to appeal this order within 10 days of the date hereof.

So ordered.