Norman SCHOTT, Plaintiff,

v.

HOTEL–MOTEL SERVICE WORKERS, DRUG STORE, SPORTS EVENTS AND INDUSTRIAL CATERING EMPLOYEES UNION, LOCAL 593 AFL–CIO; James A. Dyson, James Madison, Fred Albi; and Flagship International, Inc., Defendants.

No. 82 C 6918.

United States District Court, N.D. Illinois, E.D.

July 28, 1983.

William E. Elston, Jr., Chicago, Ill., for plaintiff.

John J. Reynolds and Mark A. Spadoro, Chicago, Ill., for defendant Union.

Clarence D. Rogers, Jr., Rogers, Horton & Forbes, Cleveland, Ohio, for defendant Flagship International, Inc.

PLUNKETT, District Judge.

Plaintiff, Norman Schott ("Schott"), filed suit pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301"), against his former employer, Flagship International, Inc. (the "Company"), and his former Union, Hotel-Motel Service Workers, Drug Store, Sports Events and Industrial Catering Employees Union, Local 593 AFL–CIO (the "Union"), alleging the Company violated provisions of its collective bargaining agreement and the Union breached its duty of fair representation. Pending before this court are a motion by the Union to dismiss the complaint for lack of subject matter jurisdiction, and motions by the Company and the Union to dismiss the complaint on the ground that the claims are time barred. The parties have submitted materials outside the pleadings to this court on the issue of the timeliness of the claims. As the court has considered these materials in making its ruling, the motions to dismiss based on the timeliness of the complaint are treated as motions for summary judgment. If, in light of this court's ruling, any party has additional pertinent materials appropriate for submission to the court on the motions for summary judgment, the court shall review such material and reconsider its ruling, if necessary. The plaintiff shall have twenty days from the date of this order to submit any such additional material, and the defendants shall have ten days thereafter to respond. *See* Fed.R.Civ.P. Rules 12 and 56.

For the reasons set forth hereafter, the motion to dismiss for lack of subject matter jurisdiction is denied, and the motions by the Company and the Union for summary judgment on the ground that the complaint is time barred are granted.

*Subject Matter Jurisdiction*

The Union has moved to dismiss the complaint on the ground that the court lacks subject matter jurisdiction. The Union asserts, and Schott does not contest, that the parties to this action are governed by a collective bargaining agreement. By the explicit terms of that agreement, both the Union and Schott are subject to the provisions of the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"). The Union contends that this action may not be maintained by Schott under the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.* ("LMRA"). Schott contends that, notwithstanding the provisions of the RLA, he may maintain an action under the LMRA.

■ Although Section 301 of the LMRA provides an implied statutory basis for suits in federal district court by employees against their unions for unfair representation, 29 U.S.C. § 152(2) and (3) expressly exempt from the LMRA employers and employees subject to the RLA. *Brotherhood of Railway Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 376, 89 S.Ct. 1109, 1114, 22 L.Ed. 344 (1969); *Raus v. Brotherhood of Railway Carmen of the United States and Canada,* 663 F.2d 791, 794 (8th Cir.1981). Federal courts do not have jurisdiction under 29 U.S.C. § 185 over suits brought by parties covered by the RLA. *Raus,* 663 F.2d at 794. *See Corbin v. Pan American World Airways, Inc.,* 432 F.Supp. 939 (N.D.Cal.1977).

■ However, we find the fact that Schott brought his suit against the Union under Section 301 is not fatal to the complaint. Where a basis for federal court jurisdiction appears clearly from an examination of the complaint, the court may sustain the suit even if the plaintiff has not relied upon that basis. *See Raus,* 663 F.2d

at 796; *Vukonich v. Civil Service Commission,* 589 F.2d 494, 496 n. 1 (10th Cir. 1978); *Harary v. Blumenthal,* 555 F.2d 1113, 1115 n. 1 (2d Cir.1977); *Mumford v. Glover,* 503 F.2d 878, 882 (5th Cir.1974); 5 C. Wright & A. Miller, *Federal Practice and Procedure,* §§ 1206, 1210 (1969). A union's statutory duty of fair representation is judicially implied from the RLA and the policy which it has adopted. *Steele v. Louisville and Nashville Railroad,* 323 U.S. 192, 204, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944); *Raus,* 663 F.2d at 794. As pointed out by the Seventh and Eighth Circuits, federal jurisdiction over such a suit is granted by 28 U.S.C. § 1337,[1] since it is one "arising under a law regulating commerce." *Graf v. Elgin, Joliet and Eastern Railway Company,* 697 F.2d 771, 774–775 (7th Cir.1983); *Raus,* 663 F.2d at 796, quoting *Tunstall v. Brotherhood of Locomotive Firemen and Enginemen,* 323 U.S. 210, 213, 65 S.Ct. 235, 237, 89 L.Ed. 187 (1944). Accordingly, the Union's motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

*Statute of Limitations*

■ Both the Company and the Union have moved for dismissal of the complaint on the ground that it is time barred because Schott filed the instant lawsuit more than six months after he received notice of the Union's withdrawal of his grievance.[2] The Company and the Union contend that either the ninety day statute of limitations in the Illinois Uniform Arbitration Act, Ill. Rev.Stat. ch. 10, § 112(b),[3] or the six month statute of limitations in § 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160,[4] governs Schott's cause of action.

---

1. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

2. As noted earlier, these motions are being treated as motions for summary judgment.

3. *Bigvie v. Local 142, International Brotherhood of Teamsters,* 530 F.Supp. 402 (N.D.Ill.1981).

4. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Hall v. Printing & Graphic Arts Union,* 696 F.2d 494, 498 (7th Cir.1982); *Stevens v. Gateway Transportation Co.,* 696 F.2d 500, 505 (7th Cir.1982).

Schott, on the other hand, contends his claims are not time barred because the Illinois ten year statute of limitations governing written contract actions, Ill.Rev. Stat. ch. 83, § 17, applies in the instant action.[5] Schott also claims that he "had no indication as to the date of the final ruling by the company regarding their grievance and the triggering of action for the time period within which to request arbitration of his grievance." (Plaintiff's Memo. at 3.)

This court finds that the six month statute of limitations found in § 10(b) of the NLRA is the most appropriate statute of limitations of the three suggested by the parties. In reaching this decision, we are persuaded by the recent decision in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), in which the United States Supreme Court held that the six month limitations period of § 10(b) of the NLRA governed a discharged employee's actions against his former employer for breach of a collective bargaining agreement and against his former union for breach of its duty of fair representation. In so holding, the Supreme Court reasoned that § 10(b) was designed to accommodate a balance of interests very similar to those at stake in the case before them—and that it was more appropriate than any of the state law parallels. In *Del Costello*, the court also reiterated its position about a six year contracts statute urged in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 63–64, 101 S.Ct. 1559, 1564–1565, 67 L.Ed.2d 732 (1981):

> It is important to bear in mind the observations made in the *Steelworkers Trilogy* that "the grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government.... The processing ... machinery is actually a vehicle by which meaning and content are given go the collective bargaining agreement." *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581 [80

S.Ct. 1347, 1352, 4 L.Ed.2d 1409] (1960). Although the present case involves a fairly mundane and discrete wrongful-discharge complaint, the grievance and arbitration procedure often processes disputes involving interpretation of critical terms in the collective-bargaining agreement affecting the entire relationship between company and union.... This system, with its heavy emphasis on grievance, arbitration, and the "law of the shop," could easily become unworkable if a decision which has given "meaning and content" to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as [three] years later.

We are mindful that the instant action preceded the recent *Del Costello* ruling, and that the decision is silent as to its retroactive effect, if any. However, a number of earlier Seventh Circuit and Northern District of Illinois cases have also found the § 10(b) statute of limitations appropriate in similar cases. *Stevens v. Gateway Transportation Co.*, 696 F.2d 500 (7th Cir.1982); *Hall v. Printing & Graphic Arts Union*, 696 F.2d 494 (7th Cir.1982); *Weller v. G.M.W.*, 548 F.Supp. 560, 112 LRRM 2362 (N.D.Ill.1982); *Collins v. Car Carriers, Inc.*, 536 F.Supp. 776 (N.D.Ill. 1982). In applying the six month limitation rule of § 10(b) to an unfair representation suit by an employee against its former union, the Seventh Circuit reasoned:

> In sum, because a damage suit against a labor union is analogous to an unfair labor practice claim, because federal labor policy strongly favors prompt resolution of labor disputes, and because nothing suggests that adopting the 6-month period of Section 10(b) is at odds with Congressional intent, we will apply a 6-month limitations rule to Hall's suit against the Local. Since her claim was not commenced until approximately 10 months after the Local's decision not to

**5.** *King v. Corn Products*, 538 F.Supp. 569 (N.D. Ill.1982).

arbitrate, we affirm the district court's dismissal of it as untimely.

*Hall,* 696 F.2d at 499.

Schott alleges that his wrongful discharge occurred on January 13, 1982; that he filed his grievance with the Union on that same day; and that the Union refused to process his grievance past step three. (Complaint, ¶¶ V, VI, and VII.) By certified letter dated April 26, 1982, the Union advised Schott of its withdrawal of his grievance. The return receipt of this letter was dated April 27, 1982, and was signed. Schott's complaint was filed on November 10, 1982, more than six months after Schott received written notice of withdrawal of his grievance. Under such circumstances, this court finds Schott's claims against the Company and the Union to be time barred.

Schott's memorandum opposing the motions to dismiss states that on May 14, 1982, he had not been advised as to the status of his grievance, and by written correspondence dated May 14, 1982, he specifically requested arbitration on the grievance and delivered the letter personally to the Union office. (Plaintiff's Memo. at 2.) Schott's counsel made a further inquiry of the Union as to the status of the grievance by a letter dated May 25, 1982, and he received a written reply from the Union dated June 1, 1982. (Plaintiff's Memo. at 3.)

The court has reviewed the above-referenced letters, which were attached to the memoranda of the parties as exhibits. We find that the April 26, 1982, letter mailed to Schott by the Union's business agent gave Schott notice sufficient to start the running of the six month statute of limitations. Not only does this letter inform Schott that his grievance had been withdrawn because the Union felt it was unable to counter effectively the Company's position, but it also states "... *[t]he Union is unable to help you further in your effort to regain employment with [the Company]."* (Exhibit A to Affidavit of James A. Dyson; emphasis added.) The return receipt to the subject letter indicates it was delivered on April 27, 1982, to Norman Schott, Jr.'s address at 2016 Westview Drive, Des Plaines, Illinois 60018, and the signature of the

person receiving the letter appears to be an individual with the last name of "Schott." Although Schott's memorandum states that his own signature does not appear on the return receipt, Schott does not state, by affidavit or otherwise, that he did not actually receive the letter, or that it was sent to the wrong address. Further, the Court notes that in Schott's May 14, 1982, letter to the Union, he stated, "Seeing that the parties involved in my case deny the grievance filed on my behalf...." (Exhibit C to Affidavit of James A. Dyson.) Although Schott attempted to have the matter pursued to arbitration as evidenced by his and his attorney's subsequent correspondence, we find that such activity is not sufficient to toll the running of the six month statute of limitations. Were the law otherwise, any aggrieved employee could, by a series of letters or calls, effectively extend that statute indefinitely. The court finds that the Union's letter of April 26, 1982, clearly advised Schott that the Union had concluded its grievance procedure on his behalf. As Schott's lawsuit was filed more than six months after this notice, his actions are time barred.

Accordingly, the Union's and Company's motions to dismiss the complaint on the ground that it is time barred are granted.