696 F.2d 500
 112 L.R.R.M. (BNA) 2177, 96 Lab.Cas. P 13,936
 Robert L. STEVENS, Plaintiff-Appellant,
v.
GATEWAY TRANSPORTATION COMPANY, and Local 710, International
Brotherhood of Teamsters, Defendants-Appellees.
Aielt EVANS, Plaintiff-Appellant,
v.
MAISLIN TRANSPORT, LTD. (formerly Gateway Transportation
Company, Inc.) and Local Union 710 of the
International Brotherhood of Teamsters,
Defendants- Appellees.
 Nos. 82-1222, 82-1426.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 29, 1982.
Decided Dec. 22, 1982.
Rehearing Denied Jan. 20, 1983.
 
 Kenneth A. Green, Chicago, Ill., for plaintiff-appellant.
 Edwin H. Benn, Chicago, Ill., for defendants-appellees.
 Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and HILL,* Senior District Judge.
 CUMMINGS, Chief Judge.
 
 
 1
 These appeals involve the same issue and were consolidated for oral argument and disposition.
 
 
 2
 The material facts in each are similar. On April 21, 1979, plaintiff Evans was discharged from employment with Gateway Transportation Company ("Gateway") for being intoxicated on the job. He filed a grievance with his union, Local 710 of the International Brotherhood of Teamsters ("the Union"), on May 1, 1979. As provided for in the collective bargaining contract between Gateway and the Union, Evans's grievance was submitted to arbitration and on May 31, after a hearing before a joint employer-union committee ("Joint Committee"), his discharge was upheld. On April 20, 1981, some twenty-two months after the Joint Committee's decision, Evans filed suit against Gateway and the Union, charging (1) that the Union did not fairly represent him at his arbitration hearing, and (2) that Gateway's discharge of him was unlawful. Evans sought $40,000 in damages from the Union and reinstatement and back pay from Gateway. On February 16, 1982, District Judge Robson dismissed both claims as time-barred under Illinois' 90-day statute of limitations governing suits to vacate arbitration awards, Ill.Rev.Stat. ch. 10, Sec. 112(b) (1981). In a footnote Judge Robson added that if the 90-day limitation period were not applicable, the 6-month period of limitations in Section 10 of the National Labor Relations Act, 29 U.S.C. Sec. 160, would control and also bar Evans's suit.
 
 
 3
 Plaintiff Stevens was discharged from employment with Gateway for failure to submit to a blood alcohol test. Stevens filed a grievance with the Union and after a hearing before the Joint Committee his discharge was also upheld. Some twenty-three months after the Joint Committee's ruling, Stevens brought an action against Gateway and the Union identical in all relevant respects with that of Evans. On January 13, 1982, District Judge Marshall handed down a minute order granting defendants' motions for summary judgment on the ground that Stevens's action was time-barred under either the 90-day Illinois statute of limitations or the 6-month federal statute of limitations governing unfair labor practice claims.
 
 
 4
 On appeal both plaintiffs argue that the district courts below should have applied Illinois' 5-year statute of limitations governing miscellaneous civil actions, including actions "on awards of arbitration." Ill.Rev.Stat. ch. 83, Sec. 16 (1981). For the reasons that follow we affirm both judgments.
 
 
 5
 Plaintiffs do not argue that the district courts erred in looking to Illinois law to determine whether their claims were time-barred. In fact, they argue that the district courts were required to do so. They concede that the district courts properly characterized their claims against both the Union and Gateway as actions to vacate arbitration awards for purposes of deciding what Illinois statute of limitations to adopt as the federal standard.[1] But they argue only that the Illinois statute of limitations governing actions to vacate arbitration awards like those of the Joint Committee is not that adopted below.
 
 
 6
 The district courts adopted Section 12(b) of Illinois' Uniform Arbitration Act. That Section provides as follows:
 
 
 7
 An application [to vacate an arbitration award] under this Section shall be made within 90 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.
 
 
 8
 Ill.Rev.Stat. ch. 10, Sec. 112(b) (1981). Section 12(e) of the same Act, however, provides that Section 12(b) shall not apply "to the vacating * * * of any award entered as a result of an arbitration agreement which is a part of or pursuant to a collective bargaining agreement." Plaintiffs argue that the Joint Committee's decisions are such awards, that their claims against both the Union and Gateway are, in effect, attempts to vacate those awards, and that the district courts were therefore forbidden by Section 12(e) from applying the 90-day limitations period of Section 12(b). Plaintiffs maintain that because of Section 12(e), the Illinois 90-day statute does not apply, and the district courts should have applied Illinois' 5-year statute governing actions "on awards of arbitration."
 
 
 9
 Implicit in plaintiffs' argument are three propositions: (1) Illinois courts would not in fact apply the 90-day limit in Section 12(b) to actions to vacate decisions by the Joint Committee; (2) federal courts may not do with Section 12(b) what Illinois courts would not do; (3) when measuring the timeliness of plaintiffs' suits, federal courts must do as Illinois courts would do. Though we have doubts about the first proposition,[2] we will assume its truth for purposes of this appeal. We have no doubts, however, about the second and third propositions. Neither is true.
 
 
 10
 Plaintiffs' claims arise under federal, not state, law.[3] Their timeliness is thus a federal, not state, question. United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 quotingInternational Union, United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-705, 86 S.Ct. 1107, 1112-1113, 16 L.Ed.2d 192. Had Congress enacted a statute of limitations that expressly governed plaintiffs' claims we would be bound to apply it, not some statute enacted by the Illinois legislature. Plaintiffs' second proposition is therefore false unless timeliness of suit is magically transformed from a federal to a state question whenever a federal court borrows a state statute of limitations.
 
 
 11
 No such transformation occurs. That Congress has not enacted a statute of limitations expressly governing plaintiffs' claims does not mean that national interests are any less implicated by the choice of an appropriate limitations period than if Congress had enacted such a statute. It simply means that the task of choosing a limitations period consistent with national interests devolves upon the federal courts. Hoosier Cardinal, supra, 383 U.S. at 701, 86 S.Ct. at 1110-1111. Federal courts look to state law in fashioning appropriate limitations periods for suits like plaintiffs' not because principles of federalism require it, but because the "range of judicial inventiveness" in such matters is not, and should not be, unlimited. Id. at 701, 86 S.Ct. at 1111, quoting Textile Workers v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972. That range extends only so far as national interests require, and if state law is consonant with those interests and lack of uniformity in federal law would not threaten them, there is no need for a federal court to do more than adopt state law.
 
 
 12
 Plaintiffs would limit us further. They would prohibit us from applying a borrowed state statute of limitations differently than the state would apply it even at the expense of national interests. They would have us apply Illinois' 5-year statute because its 90-day statute supposedly does not by its terms expressly apply even though federal labor policy strongly favors the "relatively rapid disposition of labor disputes." Mitchell, 451 U.S. at 63, 101 S.Ct. at 1564, quoting Hoosier Cardinal, 383 U.S. at 707, 86 S.Ct. at 1114. We are not, however, bound by the letter of state limitation statutes to disserve the spirit of national labor policy. See Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 367, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402; Johnson v. Railway Express Agency, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295. The Supreme Court recently held as much in United Parcel Service, Inc. v. Mitchell, supra. Mitchell involved a suit by a discharged employee against his local union and employer. The employee challenged the lawfulness of the discharge in a grievance proceeding before a joint committee of employer and union representatives and the committee upheld his discharge. Seventeen months later the employee filed suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a), alleging that the union had unfairly represented him during the arbitration proceeding and that his discharge was unlawful. Defendants argued that the suit was time-barred by New York's 90-day statute of limitations for "application[s] to vacate or modify an [arbitration] award," N.Y.Civ.Prac.Law Sec. 7511 (McKinney 1963). There was considerable doubt, however, whether New York courts would apply New York's 90-day statute of limitations to a suit by an employee to vacate an arbitration award. The Second Circuit declined to adopt the statute partly because it thought New York courts would not even entertain such a suit let alone measure its timeliness under a particular limitations rule. Mitchell v. United Parcel Service, Inc., 624 F.2d 394, 398 (2nd Cir.1980). The Supreme Court reversed, holding that the relevant consideration was not whether New York would in fact apply its statute to claims like Mitchell's but whether the kinds of claims to which it would apply its statute were "closely analogous" to Mitchell's. 451 U.S. at 61 n. 3, 101 S.Ct. at 1563 n. 3.
 
 
 13
 Plaintiffs herein do not argue that their claims are not "closely analogous" to those governed by Illinois' 90-day statute but merely that despite the analogousness, Illinois would not in fact apply its 90-day statute to them. That is, in essence, the same argument rejected by the Mitchell court. Many federal courts since Mitchell have also rejected this argument and borrowed state limitation statutes that did not by their terms apply to an action to vacate an arbitration award in a labor dispute. See, e.g., Local 1020, United Brotherhood of Carpenters and Joiners v. FMC Corp., 658 F.2d 1285, 1288-1292 (9th Cir.1981); Gardner v. Illinois Bell Telephone Co., Communications Workers of America-District 5, 548 F.Supp. 177 at 178-179 (C.D.Ill. Sept. 30, 1982); Madia v. Pacific Intermountain Express, No. 81 C 360, slip op. at 3 (N.D.Ill. March 30, 1982); Engelsberg v. Transcon Lines, Inc., 530 F.Supp. 628, 631-632 (W.D.Wash.1982) (but declining to apply retroactively the Mitchell rule of decision); Bigbie v. Local 142, International Brotherhood of Teamsters, 530 F.Supp. 402, 405 n. 3 (N.D.Ill.1981); Scott v. Chrysler Corp., 107 LRRM 3086, 3088 and n. 2 (E.D.Mich.1981). But see Badon v. General Motors Corp., 679 F.2d 93, 98-99 (6th Cir.1982). We see no reason to adopt an approach more deferential to state law and less accommodative of federal interests in this case.[4]
 
 
 14
 In support of the third proposition, plaintiffs rely solely on a dictum in the Mitchell opinion: "Obviously, if New York had adopted a specific 6-year statute of limitations for employee challenges to awards of a joint panel or similar body, we would be bound to apply that statute under the reasoning of Hoosier Cardinal." 451 U.S. at 64, 101 S.Ct. at 1564. Plaintiffs contend that Illinois' 5-year statute of limitations governing suits "on awards of arbitration" is such a statute and that Mitchell requires us to borrow it.
 
 
 15
 In the first place, the very sentence in the Mitchell opinion following that quoted above makes it plain that the 5-year state statute urged upon us here is a far cry from the type of "specific" statute the Mitchell Court had in mind. "[W]here generally state limitations periods were enacted prior to the enactment of Sec. 301 by Congress in 1947, we are necessarily committed by prior decisional law to choosing among statutes of limitations none of which fit hand in glove with an action under Sec. 301(a) of the LMRA." 451 U.S. at 64, 101 S.Ct. at 1564-1565. Illinois' 5-year statute was enacted in 1872, sixty-three years before Congress passed the NLRA and seventy-five before it passed the LMRA.[5] It governs a host of actions, including "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for * * * " (emphasis supplied). Ill.Rev.Stat. ch. 83 Sec. 16 (1981). But it nowhere refers to actions to vacate arbitration awards. If indeed there are state statutes of limitations so well tailored to fit federal causes of action that we are bound to adopt them, this is surely not one of them.
 
 
 16
 In the second place, the Supreme Court did not decide in Mitchell whether federal courts are bound to borrow state statutes of limitations in actions such as this. The Court expressly reserved judgment on that issue and decided only which of two New York statutes a federal court must apply if it chooses to apply one of them in a suit by an employee under Section 301 of the LMRA. 451 U.S. at 60 n. 2. Rather than the 5-year Illinois statute suggested by plaintiffs, the 6-month limitations period contained in Section 10(b) of the National Labor Relations Act better serves the federal policy of quickly resolving labor disputes,[6] see Weller v. G.M.W., 548 F.Supp. 560 (N.D.Ill.1982); Collins v. Car Carriers, Inc., 536 F.Supp. 776 (N.D.Ill.1982); Kaftantzis v. D & L Transport Co., 531 F.Supp. 566 (N.D.Ill.1982), and plaintiffs' claims are at least as analogous to unfair labor practice claims under the National Labor Relations Act as to actions "on awards of arbitration" under Illinois law, see Kesner v. NLRB, 532 F.2d 1169, 1173-1174 (7th Cir.1976); Miranda Fuel Co., 140 N.L.R.B. 181 (1962), enforcement denied, 326 F.2d 172 (2d Cir.1963). Since plaintiffs' suits were commenced more than 6 months after the Joint Committee's decisions, they would be untimely under Section 10(b) as well.
 
 
 17
 Judgments affirmed.
 
 
 
 *
 The Honorable Irving Hill, Senior District Judge for the Central District of California, is sitting by designation
 
 
 [1]
 Because plaintiffs herein concede that their claims against the Union are, in effect, attempts to vacate arbitration awards, the question presented in Hall v. Printing & Graphic Arts Union, Local # 3, 696 F.2d 494 (7th Cir.1982)--whether an unfair representation suit against a labor union is more analogous to a common law tort claim than to an unfair labor practice claim under Section 10(b) of the National Labor Relations Act--is not before us. Plaintiffs in Hall argued that for the purpose of choosing a limitations statute, a damage claim against a union for breach of its fair representation duty is more analogous to a common law tort claim than to a suit to vacate an arbitration award or an unfair labor practice claim. We rejected that argument and applied the 6-month limitations rule in Section 10(b)
 
 
 [2]
 Plaintiffs cite no decisions in which an Illinois court declined to apply the 90-day statute to an action to vacate an arbitration award entered pursuant to a collective bargaining agreement. It is certainly conceivable that Illinois courts would apply the 90-day limit in Section 12(b) when, as here, the collective bargaining agreement that provides for arbitration does not specify a limitations period. See Local 1020, United Brotherhood of Carpenters and Joiners v. FMC Corp., 658 F.2d 1285 (9th Cir.1981), where Judge Walter Hoffman reasoned that a similar exception in Oregon's arbitration statute was intended only to allow parties to a collective bargaining agreement to agree upon their own limitation rules, not to prohibit courts from applying the limitations period in Oregon's arbitration statute when a collective bargaining agreement fails to specify a different period
 
 
 [3]
 Plaintiffs' claims against Gateway arise under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, which vests federal district courts with jurisdiction over a suit by an employee against his employer for breach of a collective bargaining agreement. Plaintiffs' claims against the Union arise under the National Labor Relations Act, 29 U.S.C. Sec. 151 et seq., which imposes upon labor unions a duty of fair representation, see Electrical Workers v. Foust, 442 U.S. 42, 46 n. 8, 99 S.Ct. 2121, 2125 n. 8, 60 L.Ed.2d 698; Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563-564, 96 S.Ct. 1048, 1055-1056, 47 L.Ed.2d 231; Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 and affords employees the right to seek judicial redress for breaches of that duty, see Vaca v. Sipes, supra
 
 
 [4]
 Plaintiffs also argue that Illinois' 90-day rule does not apply to their claims because none of the five grounds identified in Section 12(a) of the Uniform Arbitration Act is sufficient to warrant a court's vacating an arbitration award are present here. That, of course, is just a weaker variation of the argument that a federal court may not borrow a state statute of limitations that does not in terms apply to the kind of suit before it. If a federal court is not prohibited from applying a borrowed state limitations statute to an allegedly expressly excepted claim, a fortiori it is not prohibited from applying it to an impliedly excepted claim
 This Court rejected this same argument sub silentio in Davidson v. Roadway Express, Inc., 650 F.2d 902 (1981), for the Indiana statute (Ind.Code 34-4-2-13) also listed the same five grounds for vacating the award and none of them was involved in that case. Similarly, the 90-day New York statute for vacating awards (Section 7511(a) of the N.Y.Civ.Proc.Law (McKinney 1963)) was selected by the Supreme Court in Mitchell, supra, although the statute itself was limited to four other grounds (Section 7511(b)). 451 U.S. at 61 n. 3, 101 S.Ct. at 1563 n. 3.
 
 
 [5]
 Plaintiffs argue that the statute nonetheless fits hand in glove with their claims because the Illinois legislature readopted it in 1961. Plaintiffs cite nothing, however, that would support the inference that the 1961 Illinois legislature readopted the language of the 1872 Act with an eye toward accommodating federal labor policy that evolved during the 1940's. Absent at least some such evidence, we think the simple legislative act of re-adoption insufficient to breathe modern federal life into an ancient state statute that does not even refer to actions to vacate awards
 
 
 [6]
 Section 10(b) provides in pertinent part that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the [unfair labor practice] charge with the [National Labor Relations] Board * * *." 29 U.S.C. Sec. 160(b)