712 F.2d 1194
 113 L.R.R.M. (BNA) 3583, 98 Lab.Cas. P 10,320
 Donald G.H. STORCK, Plaintiff-Appellee,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION
NO. 600 and Associated Truck Lines,
Inc., Defendants-Appellants.
 Nos. 82-1925, 82-1926.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 10, 1983.
Decided July 25, 1983.
 
 Allan M. Goodloe, Jr., Diekemper, Hammond & Shinners, Jan Bond, St. Louis, Mo., for defendants-appellants.
 Chris Foote Pursell, Crain, Hall & Cooksey, Centralia, Ill., for plaintiff-appellee.
 Before BAUER and WOOD, Circuit Judges, and GIBSON,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case involves an action by an employee against his employer for violation of a collective bargaining agreement and against his union for breach of the duty of fair representation. This action was filed four-and-one-half months after the plaintiff's grievance was arbitrated and decided. The district court ruled by order that the action was not barred by a ninety-day statute of limitations. The district court certified the question of the appropriate limitation period to this court under 28 U.S.C. § 1292(b) (1976). Subsequent to oral argument in this case, the Supreme Court decided DelCostello v. Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which held that a six-month statute of limitations applies to cases like this. Therefore, we affirm the district court's order finding that Storck's action is not barred by any statute of limitations.
 
 I.
 
 2
 Plaintiff Donald Storck was an employee of defendant Associated Truck Lines and a member of defendant Teamsters Local 600. The employer fired Storck on February 19, 1981, charging him with recklessness which resulted in a traffic accident. Storck filed a grievance on the basis that he had not acted recklessly. At the conclusion of his hearing before a Joint State Committee his discharge was upheld.
 
 
 3
 Storck filed this action in an Illinois court 138 days after the committee decision. He sued the employer for violation of the collective bargaining agreement and he sued the union for breach of its duty of fair representation. Such an action allows an employee to avoid the harshness of the finality provisions relating to arbitration remedies provided in typical collective bargaining agreements. The suit against the employer rests on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976), which allows suits for violation of collective bargaining agreements. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the National Labor Relations Act. 29 U.S.C. § 151 et seq. To prevail against either the employer or the union, the employee must show that the discharge was contrary to the contract and that the union breached its duty. Such an action is typically labeled a hybrid § 301/fair representation claim. DelCostello, at pp. ---- - ----, 103 S.Ct. at pp. 2289-91.
 
 
 4
 Because the action alleged conduct for which jurisdiction would lie in federal court under § 301, the case was removed to federal district court. The employer and the union argued that the action was barred by the ninety-day limitation period in the Illinois Uniform Arbitration Act, Ill.Ann.Stat., ch. 10, § 112(b) (Smith-Hurd Supp.1982). Since the LMRA does not specify a time limitation on a § 301 suit, a court must look to other appropriate statutes of limitations. DelCostello, at p. ----, 103 S.Ct. at p. 2287. The district court in the instant case refused to apply the ninety-day limitation period in the Illinois arbitration act because the act has a section excluding collective bargaining agreement arbitrations: "Nothing in this Section or in any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is part of or pursuant to a collective bargaining agreement ...." Ill.Ann.Stat., ch. 10, § 112(e) (Smith-Hurd Supp.1982). Upon the request of defendants the district court certified that its order was appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b) (1976). This court granted leave to appeal under § 1292(b).II.
 
 
 5
 After the district court reached its decision, the issue of the appropriate limitation period was addressed by this court in two cases decided on consecutive days by the same panel of judges. Hall v. Printing and Graphic Arts Union, 696 F.2d 494 (7th Cir.1982) held that the ninety-day period in the Illinois arbitration act applied to the employer, but the six-month period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976), applied to the union. The next day the same panel of this court held that the exception in the Illinois arbitration act for collective bargaining agreement arbitrations did not prevent application of the ninety-day period to the employer or the union. Stevens v. Gateway Transportation Co., 696 F.2d 500 (7th Cir.1982). The court in Hall left open the question of whether the six-month period could also be applied to the employer for the sake of uniformity. 696 F.2d at 499 n. 7.
 
 
 6
 On June 8, 1983, the Supreme Court rendered its DelCostello opinion, which addressed the precise issue involved here, i.e., what statute of limitations should apply in "a suit by an employee or employees against an employer and a union, alleging that the employer had breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings." DelCostello, at p. ----, 103 S.Ct. at p. 2285. The Supreme Court held that the six-month period in § 10(b) of the NLRA should apply to both the union and the employer. Id. at p. ----, 103 S.Ct. at p. 2287. We must apply the six-month period to both the employer and the union in this case. Storck's action, therefore, is not time-barred. To the extent that Hall and Stevens allow application of the ninety-day period in the Illinois Arbitration Act in a hybrid § 301/fair representation claim against the employer and the union, they are overruled by DelCostello. We need not decide whether those cases have any vitality in situations where only the employer is the defendant because both the employer and union were defendants in DelCostello and in the instant case.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation