**David A. KUMROW, Plaintiff,**

v.

**TEAMSTERS "GENERAL" LOCAL NO. 200 and Roundy's, Inc., Defendants.**

**Civ. A. No. 82–C–1115.**

United States District Court, E.D. Wisconsin.

Aug. 4, 1983.

Daryl W. Laatsch, West Bend, Wis., for plaintiff.

Timonthy G. Costello, Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman S.C., Milwaukee, Wis., for defendant Union.

Lawrence Alan Towers, Whyte & Hirschboeck S.C., Milwaukee, Wis., for defendant Roundy's, Inc.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On September 2, 1982, the plaintiff David A. Kumrow, a former warehouse employee at Roundy's, Inc. (Roundy's), filed a complaint in this court against his former employer and his union, Teamsters "General" Local No. 200 (Local 200). The action arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Count I alleges that Roundy's breached the terms of its collective bargaining agreement with Local 200 by discharging the plaintiff from employment at Roundy's without just cause. Count II asserts that Local 200 breached its duty of fair representation by its arbitrary and perfunctory processing of the plaintiff's grievances.* Both Roundy's and Local 200 have moved for summary judgment on the grounds that no issue of fact exists and the defendants are entitled to judgment as a matter of law because the entire action is barred by the statute of limitations. For the following reasons, the Court finds that the action is time-barred as against both defendants and therefore must be dismissed.

The facts of the case are undisputed. Roundy's is a domestic corporation engaged in the business of wholesale and retail food sales and having its principal offices in Wauwatosa, Wisconsin. Local 200 is an unincorporated association operating as a labor union and having its principal offices in Milwaukee, Wisconsin. For a number of years Roundy's and Local 200 have been parties to a collective bargaining agreement. Article 14 of the agreement sets forth a discharge and grievance procedure.

From September 26, 1977 to September 8, 1980 the plaintiff was employed as a warehouse employee at Roundy's. It is undisputed that as an employee of Roundy's he was covered by and subject to the terms of the collective bargaining agreement.

On September 8, 1980 Kumrow's employment with Roundy's was terminated. The incident which precipitated Mr. Kumrow's discharge was his absence from scheduled mandatory overtime work on September 5, 1980 and his failure to properly call-in as required by Article 24 of the collective bargaining agreement.

Pursuant to Article 14 of the agreement, Kumrow timely filed a grievance protesting his discharge. Kumrow's grievance was processed through the various steps of the grievance procedure and eventually was referred to the Milwaukee Grocery Warehouse Grievance Committee as provided for by Article 14 of the agreement. A Grievance Committee hearing was held on September 24, 1980. Kumrow appeared at the hearing on his own behalf and also was represented at the hearing by George Lyons, Local 200's Business Agent. Immediately following the hearing, the Committee upheld the discharge and denied the grievance. Kumrow was orally advised of the Committee's decision at that time. ·

Shortly thereafter, the plaintiff consulted with an attorney. Kumrow commenced a long series of internal union appeals, a process which was concluded in January, 1982. On September 2, 1982, the plaintiff filed this federal court action.

The defendants' motions for summary judgment in this case require the Court to decide whether the Supreme Court's recent decision in *DelCostello v. Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), will be applied retroactively to bar the plaintiff's action against Roundy's and Local 200. The Supreme Court in *DelCostello* held that, when an employee sues both his employer for breach of a collective bargaining agreement and his union for

---

* In Counts III and IV the plaintiff attempts to state distinct causes of action against both employer and union by alleging that their actions constituted a "conscious and intentional pattern of conduct" designed to effect the plaintiff's wrongful termination and nonrepresentation. These counts resemble pendent state claims for intentional torts, but their precise nature is unclear. The plaintiff concedes, and this Court agrees, that a characterization of Counts III and IV is unnecessary because the statute of limitations issue presented in the instant motion governs the entire complaint.

breach of its duty of fair representation, one statute of limitations will govern both claims and that statutory limit will be the six-month period borrowed from federal law, namely, section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

Earlier, *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), held that an employee's action against only his employer for breach of the collective agreement was governed by a state statute of limitations for vacation of an arbitration award rather than by a state statute for a breach of contract action. In *DelCostello*, the Supreme Court clarified two points left unresolved by the *Mitchell* case:. first, what state statute should govern an employee's claim against the union, and second, whether, instead, a federal statute of limitations should be borrowed.

There can be no doubt that the facts of this case fall squarely within the rule set forth in *DelCostello*. Here, as in that case, an employee has brought a hybrid duty of fair representation/section 301 action against both employer and union. According to *DelCostello*, suits of this kind under *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) now must be filed within six months after the cause of action accrued.

Moreover, the *DelCostello* rule quite clearly operates as a bar to Mr. Kumrow's action. Kumrow's cause of action accrued on September 24, 1980 when he was orally notified that the grievance committee had upheld his discharge and had denied his grievance. This federal suit was commenced on September 2, 1982, almost two years after the committee decision. The plaintiff does not contend that the running of this six-month limitations period was tolled for any reason, but rather asserts that the decision in *Mitchell*, and presumably in *DelCostello*, should not be applied retroactively to this case. This Court disagrees.

The plaintiff asserts that *Mitchell* and *DelCostello* are inapplicable to this case and that the hybrid action is governed by a six-year statute of limitations borrowed from Wisconsin's limitation on contract actions. Essentially, Kumrow's argument is that *Mitchell* and *DelCostello* significantly altered pre-existing case law in an unanticipated manner and that it would be unfair in these circumstances to apply that change retroactively. Kumrow states that he delayed filing this suit on counsel's advice that he exhaust his union remedies first. Both he and his attorney thus relied on existing law respecting the applicable limitation periods. About seven months after Kumrow's action had accrued, the *Mitchell* case shortened the statute of limitations applicable to section 301 actions against employers. *DelCostello* was decided about two years and eight months after the plaintiff's action had accrued and about nine months after the present action was commenced.

■ It is the plaintiff's burden to demonstrate that a prospective-only application of *DelCostello* is justified. *See Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1288 (7th Cir.1980). To make such a showing, the plaintiff must establish that *each* of the three criteria set forth by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), supports prospective application of the decision. These necessary criteria have been formulated as follows:

1) Does the decision "establish a new principle of law, either by overruling clear past precedent on which the litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed?"

2) Considering "the prior history of the rule in question, its purpose and effect," does retroactive application "further or retard" the operation of the rule?

3) Does retroactive application create "injustice or hardship" for one of the parties?

*NLRB v. Lyon & Ryan Ford, Inc.,* 647 F.2d 745, 757 (7th Cir.1981) (citing *Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. at 355–356).

■ In *Lawson v. Teamsters, Local 100,* 698 F.2d 250, 254 (6th Cir.1983), the Sixth Circuit stated:

> The normal rule is that in civil cases a recent authoritative opinion interpreting the law should be applied to pending cases unless it represents a "clean break" with the past and unless in addition it would be fundamentally unfair or otherwise burdensome to so apply it. . . .

The *Lawson* court applied this reasoning to hold that the rule in *Mitchell* should be applied retroactively to pending cases against both employers and unions. This Court believes that the same logic compels a retroactive application of the *DelCostello* rule.

*DelCostello,* like *Mitchell,* did not represent a "clean break" with past precedent; the statute of limitations question in hybrid fair representation/section 301 actions remained in a state of confusion, even after *Mitchell.* In *DelCostello,* the Supreme Court took another necessary step in clarifying an area of the law that the rule in *Mitchell* did not address.

Furthermore, just as *DelCostello* did not overrule clear past precedent, it did not resolve an issue of first impression in a clearly unforeseen manner. Certainly, the borrowing of a six-month limitations period from federal labor law was a novel approach. Nevertheless, whether the plaintiff could have predicted that the Supreme Court would select a six-month statute of limitations is not significant. First, the *Mitchell* case should have put the plaintiff on notice that the Supreme Court was moving toward shorter statutes of limitations in the labor law context. In fact, Justice Stewart urged the *Mitchell* Court to adopt in section 301 suits the very six-month limitation period that was applied later in *DelCostello.* *Mitchell,* 451 U.S. at 65, 101 S.Ct. at 1565 (Stewart, J., concurring). *See DelCostello,* —— U.S. at ——, 103 S.Ct. at 2289; *Mitchell* was decided on April 20,

1981, about seventeen months before this action was commenced. Given the obvious uncertainty in the limitations law, the plaintiff should have taken precautions to comply with the strictest limitation period or risk dismissal.

Second, the Supreme Court stressed in its *DelCostello* decision that it was not departing, in labor cases or elsewhere, from the well-established prior practice of resorting to analogous state law in borrowing limitations periods for federal actions. *See* —— U.S. at —— - ——, 103 S.Ct. at 2292–2295. That the limitations period of section 10(b) of the Labor Act was borrowed in *DelCostello* does not render the clarifying rule unforeseeable.

Similarly, a retroactive application of the six-month limitation requirement would further the operation of the rule without causing unjustifiable hardship on the plaintiff in this case. Under *Mitchell,* section 301 actions are to be governed by state arbitration statutes which typically provide for even shorter, three month limitations periods. *See DelCostello,* —— U.S. at ——, 103 S.Ct. at 2290. After *Mitchell,* courts began applying these shorter limitations periods retroactively to causes, sometimes against both union and employer, which were pending at the time of the *Mitchell* decision. *See, e.g., Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982); *Davidson v. Roadway Express, Inc.,* 650 F.2d 902, 904 (7th Cir.1981). The *DelCostello* rule was designed to accommodate competing interests in permitting employees to recover what is due them and in encouraging a relatively rapid final resolution of labor disputes. In the judgment of this Court, a retroactive application of *DelCostello* would further rather than retard the operation of the more accommodating six-month statute of limitations.

Admittedly, this rule was enunciated nine months after the present action was filed. The plaintiff, however, did not commence this suit until seventeen months after *Mitchell* announced a shortened limitations period for claims against an employer. The retroactive application of *DelCostello*

is not rendered unfair simply because Mr. Kumrow chose, on advice of counsel, to spend almost two years pursuing internal union appeals. The developing statute of limitations law during that time, at the very least, should have prompted caution in delaying a federal action after the rule in *Mitchell* was set forth and, itself, retroactively applied.

Thus, whereas this action is governed retroactively by *DelCostello,* and whereas the plaintiff's action against Roundy's and Local 200 is time-barred under *DelCostello's* six-month statute of limitations,

NOW, THEREFORE, IT IS ORDERED that the defendants' motions to dismiss the complaint be and hereby are granted.