Geoffrey E. LANDAHL, Plaintiff,

v.

PPG INDUSTRIES, INC. and Brotherhood of Painters and Allied Trades Local 579, Defendants.

Civ. A. No. 82–C–0769.

United States District Court, E.D. Wisconsin.

Jan. 10, 1984.

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

Paul V. Lucke, Milwaukee, Wis., for defendant PPG.

Gary M. Williams, Hales Corners, Wis., for defendant Union.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

On May 25, 1982, this action was filed in the Circuit Court for Milwaukee County. Defendants removed it to this court on June 23, 1982. Plaintiff Landahl claims that the suit was filed under Wisconsin common law; however, he seems to acknowledge that it is in reality a suit for breach of a collective bargaining contract, pursuant to § 301 of the National Labor Management Relations Act, 29 U.S.C. § 185, and a suit against the Union for breach of its duty of fair representation. Currently pending are PPG's motion for summary judgment; the motions of the Brotherhood of Painters and Allied Trades Local 579 for leave to file an amended answer and for summary judgment; and plaintiff's motion to strike an affirmative defense pleaded by PPG.

Geoffrey E. Landahl is a former production employee at the PPG plant in Oak Creek, Wisconsin. He worked at the company from April 3, 1978, until he was discharged on February 17, 1981. He was a member of the Brotherhood of Painters and Allied Trades Local 579, the authorized collective bargaining representative of the production employees at the plant. Landahl filed a grievance on February 23, 1981, regarding his discharge. Because it was a grievance pertaining to a discharge, under the collective bargaining agreement, it went directly to the third step of the grievance procedure. The grievance was denied on March 2, 1981. Although the contract provided for appeal to an arbitration board, neither Landahl nor the Union appealed PPG's denial of the grievance.

The dispositive issue as to each of the motions currently pending is whether the statute of limitations has run on Landahl's claim.

In its motion for summary judgment the company argues that it has; the Union wishes to amend its answer to plead the statute of limitations as an affirmative defense; it then requests summary judgment based on that defense; Landahl wants the company's affirmative defense based on the statute of limitations stricken and, of course, opposes the amendment of the Union's answer as well as both summary judgment motions.

The Union's request to amend its answer is granted. Rule 15(a) requires that leave to amend the pleadings "shall be freely given when justice so requires." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

To state the obvious, the law in the area of the statute of limitations on claims such as this has been receiving considerable attention from both the United States Supreme Court and the Court of Appeals for this Circuit. When PPG filed its motion for summary judgment, it relied on three cases which at the time, in January 1983, it felt required dismissal of the action: *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *Hall v. Printing and Graphic Arts Union Local # 3,* 696 F.2d 494 (7th Cir.1982); and *Stevens v. Gateway Transportation Co.,* 696 F.2d 500 (7th Cir.1982). Since the time the motion was filed, the company and the Union have with some regularity kept me informed as to recent developments in the law.

At this point, the controlling case is *Del-Costello v. International Brotherhood of Teamsters, et al.,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The issue there was what statute of limitations should apply in a § 301/duty of fair representation case. The answer was clear: "We conclude that § 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union." —— U.S. at ——, 103 S.Ct. at 2285. Section 10(b) of the NLRA, 29 U.S.C. § 160(b) provides for a six-month limitation period.

Plaintiff argues that the holding in *Del-Costello* should not be applied retroactively. As to the company, the argument must be quickly disposed of. Prior to *DelCostello,* in *Mitchell, supra,* decided before this lawsuit was filed, the court determined

that the appropriate statute of limitation in a § 301 suit against an employer was the state statute of limitations for the vacation of arbitration awards. In Wisconsin, § 788.13, Wis.Stats., provided for a 3-month limitation period on those suits. Thus, the statute of limitations has run on plaintiff's claim against the company. *DelCostello* provides plaintiff with more time, but not enough more.

As to the Union, the retroactive application of *DelCostello* is appropriate. The issue was analyzed by Chief Judge John W. Reynolds of this District in *Kumrow v. Teamsters,* 579 F.Supp. 393, Eastern District of Wisconsin, August 4, 1983 (attached to PPG's letter dated November 10, 1983). Judge Reynolds concluded that on the basis of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), plaintiff had failed to establish that prospective application was appropriate. Plaintiff here also failed to make his case for prospective application of the holding of *DelCostello.* Given the state of the law on this issue, and given the existence of *Mitchell, supra,* it cannot be said that *DelCostello* represents a dramatic change in the law. In *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299 (7th Cir.1983), the Court of Appeals applied the *DelCostello* holding to a case filed on June 23, 1982. See also *Storck v. International Brotherhood of Teamsters,* 712 F.2d 1194 (7th Cir.1983).

Plaintiff's other arguments in opposition to the motions for summary judgment are without merit. The statute of limitations for claims such as he makes is six months, and his suit was filed over a year after the date of the denial of the grievance, which under the rationale of *Hall v. Printing and Graphics Arts Union Local No. 3, supra,* and *Metz, supra,* is the date from which the statute begins to run.

IT IS THEREFORE ORDERED that Local No. 579's motion to amend its answer is granted.

IT IS FURTHER ORDERED that plaintiff's motion to strike PPG's affirmative defense is denied.

IT IS FURTHER ORDERED that PPG's motion for summary judgment dismissing the complaint is granted.

IT IS FURTHER ORDERED that the motion of Local 579 for summary judgment dismissing the complaint is granted.

Accordingly, this case is DISMISSED.